UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE HENDERSON,<br><br>         Plaintiff,<br>    v.<br><br>GLORIA WOODS, professionally known as GloRilla, UMG RECORDINGS, INC, COLLECTIVE MUSIC GROUP, LLC d/b/a CMG THE LABEL, W CHAPPELL MUSIC CORP d/b/a WC MUSIC CORP., and BMG RIGHTS MANAGEMENT (US), LLC<br><br>         Defendants. | CASE NO:<br><br><br>**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Comes now, Plaintiff, Natalie Henderson, by and through her counsel of record herein, for its complaint against Defendants, and each of them, alleges as follow:

**INTRODUCTION**

1. This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Natalie Henderson, (hereinafter referred to as "Plaintiff"), to recover compensatory, statutory, and punitive damages as a result of the Defendants' unauthorized exploitation of the copyrighted musical works of Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. This Court has personal jurisdiction over the Defendants as, based on information and belief, each has purposefully committed, within the state, the acts from which Plaintiff's claim arises and/or committed tortious acts outside Louisiana knowing and intending that such acts would cause injury to Plaintiff within this state. Moreover, Defendants have purposefully availed themselves of the benefits of conducting business within the State of Louisiana by directing their activities with respect to the infringing work, including their marketing and promotion of the infringing work, to Louisiana residents, who are able to purchase, download and stream the infringing compositions and recordings. Upon information and belief, Defendants, and each of them, have received substantial revenues from their exploitation of the infringing works in Louisiana. Furthermore, Defendants conduct continuous, systematic, and routine business within the State of Louisiana and/or within this district. Consequentially, by virtue of their pervasive business contacts and transactions within the State of Louisiana, Defendants are constructively aware and can reasonably expect and/or anticipate being sued in this jurisdiction.

4. Upon information and belief, and as set forth above in greater detail, Defendant Woods, has performed and/or will perform concert touring dates in this district to further exploit the infringing compositions and recordings, and have licensed, distributed and exploited the subject infringing song (and other songs) in this state. Moreover, Plaintiff is informed and believes and thereupon alleges that Defendant Woods routinely and regularly returns to New Orleans to promote her career. More specifically, Defendant Woods performed in New Orleans during the "Hot Girl Summer" concert on June 10, 2024. Again, Defendant Woods performed in New

Orleans during the "It's Only Us" concert tour on September 19, 2023. Lastly, Defendant Woods is scheduled to perform in this district to further exploit the infringing composition and recording at the Essence Festival of Culture during July 4-7, 2025. On information and belief, Defendant Woods also regularly travels to New Orleans to perform at and/or made personal appearance to further exploit the infringing composition and recording in the New Orleans area, including but not limited to Super Bowl LIX.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the State of Louisiana and substantial acts of infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and marketing of musical recordings to Louisiana residents and Louisiana residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

**PARTIES**

6. Plaintiff, Natalie Henderson, is a person of the full age and majority and domiciled in the Parish of Orleans, State of Louisiana.

7. Defendant Gloria Woods, professionally known as "GloRilla," is an individual, who, upon information and belief, is a citizen of the State of California. She is known for the production, recordation and composition of music that is distributed worldwide via the internet and other digital devices. Defendant co-authored the

musical composition and performed vocals on the infringing "Never Find" sound recording.

8. Upon information and belief, Defendant UMG Recordings, Inc, is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges that UMG Recordings, Inc does substantial, continuous and systematic in the State of Louisiana and in this judicial district. Defendant UMG Recordings, Inc distributes and sells sound recordings created by Defendant Woods. Defendant UMG Recordings, Inc supervised the illegal reproduction of the Infringing Track (as described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work.

9. Upon information and belief, Collective Music Group, LLC d/b/a CMG The Label is an active limited liability corporation organized and existing pursuant to the laws of the State of Tennessee. Plaintiff is informed and believes, and thereupon alleges, that Collective Music Group, LLC d/b/a CMG The Label does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

10. Defendant W Chappell Music Corp. d/b/a WC Music Corp. is an active corporation, organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that W Chappell Music Corp. d/b/a WC Music Corp. does substantial, continuous and systematic business in the State of Louisiana and in this judicial district. Defendant W Chappell Music Corp. d/b/a WC Music Corp. is responsible for collecting music royalties from the publication

of the infringing works on behalf of the authors and composers of the infringing work.

11. Defendant BMG Rights Management (US), LLC is a limited liability corporation organized and existing pursuant to the laws of the State of New York. Plaintiff is informed and believes, and thereupon alleges, that BMG Rights Management (US), LLC does substantial, continuous and systematic business in the State of Louisiana and in this judicial district. Defendant BMG Rights Management (US), LLC is responsible for collecting music royalties from the publication of the infringing works on behalf of the authors and composers of the infringing work.

## FACTS

12. This is an action for the direct, contributory and vicarious copyright infringement, in violation of 17 U.S.C. §§ 101 et seq., arising from the unauthorized reproduction, distribution and/or public performance of Plaintiff's copyrighted musical work, "Natalie AKA Slimdabodylast NO BBL All Naturalle" aka "All Natural" or "All Natural." Plaintiff is informed and believes, and thereupon alleges, that Defendants are the writers, composers, performers, producers, record label, distributors, and publishers who were involved with the creation, release, reproduction, exploitation, licensing, and public performance of the infringing and derivative musical composition, "Never Find (Feat. K Carbon)," and the infringing sound recording of "Never Find (Feat. K Carbon)," and the music video and other products embodying the infringing musical composition and sound recording, "Never Find (Feat. K Carbon)," (collectively, the "Infringing Works"). Defendant Woods received credit as composer and/or author of the music and lyrics of "Never Find (Feat. K

Carbon)." The corporate Defendants are, on information and belief, the publishing, distribution, recording labels and other entities that exploit the infringing song, "Never Find (Feat. K Carbon)."

13. In or around 2024, Plaintiff, professionally known as Slimdabodylast, made several social media posts concerning her modeling and physique that went viral. Specifically, Plaintiff refers to her physique that is "all naturale, no BBL." The aforesaid reference and video posts went viral through several published social media posts on Instagram from January 6, 2024, and thereafter, and has garnered over one (1) million views and likes.

14. To monetize her viral status, Plaintiff, Natalie Henderson, subsequently, in 2024, authored the sound recording and musical composition entitled "All Natural." Plaintiff authored the following lyrics, which were used as the chorus and verse for "All Natural" and performed the same on the sound recording, "All Natural:"

    "Slimdabodylast

    All natural, no BBL

    Mad hoes go to hell"

    "All natural, all natural, all, all natural

    No, no BBL"

15. Plaintiff's "All Natural" is wholly original and is registered with the U.S. Copyright Office, as "Natalie AKA Slimdabodylast NO BBL All Naturalle," bearing Registration Number SRu1-579-013. Plaintiff is the listed author and copyright claimant on the aforesaid registration. The subject musical work has been published and distributed by and through releasing the subject sound recording on all major

music streaming platforms and digital music outlets, including but not limited to Tidal, Apple Music, Spotify, Youtube, Youtube Music, and Amazon Music on or about May 29, 2024.

16. The Plaintiff is the sole owner of the copyright registered for "Natalie AKA Slimdabodylast NO BBL All Naturalle," aka "All Natural" and is the sole author of the master, sound recordings, musical composition, and lyrics for the subject song.

17. Defendant Woods without express authorization copied protected elements of "All Natural" in her sound recording, "Never Find" which was released and distributed by Defendant UMG through its recording label imprints, CMG the Label and Interscope Records, as a part of Defendant Woods's album, "Glorious." Defendant BMG and W Chappel also collected royalties from the exploitation of the infringing work on behalf of several publishers and Defendant Woods. Defendant UMG released and distributed the infringing song, "Never Find," as a bonus track for the album, "Glorious" on October 11, 2024. Defendants released and distributed the infringing work in the State of Louisiana, United States and worldwide for streaming on all major streaming services, including, but not limited to Apple Music, Tidal, Spotify, Youtube Music, Pandora, iTunes Store, Artist Store and Amazon Music. The infringing work is accessible, and available for consumer use, in Louisiana by the Plaintiff and other Louisiana Residents through utilizing one of the streaming services. The aforesaid streaming services are available for use by Louisiana residents.

18. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, or creation of an unauthorized derivative work of "All Natural." Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works or samples of "All Natural" in the infringing sound recording "Never Find."

19. There are unmistakable similarities between the two works. Based upon a side-by-side comparison of the two songs, a layperson could hear similarities in the lyrics, arrangement, melody, core expression, content, and other compositional elements in both songs and conclude that songs are essentially identical, and the infringing "Never Find" clearly used the Plaintiff's "All Natural" as a basis for the infringing "Never Find."

20. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing work, "Never Find." The infringing work, "Never Find," misappropriates key protected elements of Plaintiff's "All Natural," to create an unauthorized derivative work. The infringing work copies and interpolates a portion of Plaintiff's "All Natural" to create the infringing "Never Find." More specifically, Defendants Woods copies the lyrics, content, and melody from Plaintiff's "All Natural" to create the infringing work. Recording and compositional analyses of the two works reveal that the infringing "Never Find" copies the lyrics, content and vocal melodies from the Plaintiff's "All Natural."

21. The infringing work misappropriates the lyrics, "Slimdabodylast, all naturale, no BBL, mad hoes go to hell, of "All Natural" at 0:04, 0:32, 2:08 minute mark and

copies and interpolates the same as "Natural, no BBL, but I'm still gon' give them hell" in "Never Find" at 0:26 minute mark.

22. Defendants, without authority have willfully copied and interpolated many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

## FIRST CLAIM FOR RELIEF

**(Direct, Contributory and Vicarious Copyright infringement of "All Natural" into the composition and sound recording, "Never Find" against all defendants)**

23. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "All Natural." Plaintiff's copyright of "All Natural" was registered with the U.S. Copyright Office and bears Registration no. SRu1-579-013.

25. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "All Natural" by among other things: a) preparing unauthorized derivatives of Plaintiff's "All Natural" in the form of "Never Find;" b) reproducing copyrighted elements of the Plaintiff's "All Natural" in "Never Find" c) distributing copies of "Never Find," which contains copyrighted elements of Plaintiff's "All Natural" and d) publishing, displaying, selling and licensing copies of "Never Find," which contains copyrighted elements of Plaintiff's "All

Natural" Defendants never paid Plaintiff, nor secured the authorization for the use of "All Natural" in "Never Find"

26. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "All Natural" in purporting to author the sound recording and composition, "Never Find." Defendants have published, manufactured, distributed, sold and licensed copies of "Never Find." Defendants never paid Plaintiff, nor secured the authorization for the use of "All Natural" in "Never Find."

27. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing work, "Never Find." The infringing work, "Never Find," misappropriates key protected elements of Plaintiff's "All Natural," to create an unauthorized derivative work. The infringing work copies and interpolates a portion of Plaintiff's "All Natural" to create the infringing "Never Find." More specifically, Defendants Woods copies the lyrics, content, and melody from Plaintiff's "All Natural" to create the infringing work. Recording and compositional analyses of the two works reveal that the infringing "Never Find" copies the lyrics and vocal melodies from the Plaintiff's "All Natural."

28. The infringing work misappropriates the lyrics, "Slimdabodylast, all naturale, no BBL, mad hoes go to hell, of "All Natural" at 0:04, 0:32, 2:08 minute mark and copies and interpolate the same as "Natural, no BBL, but I'm still gon' give them hell" in "Never Find" at 0:26 minute mark.

29. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable

to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

30. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

31. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to, the infringing conduct of others, such that they should be found to be contributorily liable.

32. The infringement is continuing as the album "Glorious," on which "Never Find" appears, continues to be sold and continues to be licensed for sale, downloads, streams, ringtones and/or mastertones, and other exploitations by Defendants or their agents.

33. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of Bubblegum, including all Infringing Works.

34. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

35. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:

A. A permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiffs' rights protected by the Copyright Act; an order directing Defendants to include credits on behalf of Plaintiffs to be included on any awards, accolades, events of prestige and/or other public recognition attributed Bubblegum;

B. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages and Defendants' profits in an amount to be proven at trial;

C. An award of statutory damages, if actual damages are not selected;

D. An award of attorneys' fees;

E. For pre-judgment and post-judgment interest according to law, as applicable;

F. For an accounting in connection with Defendants' unauthorized use of the infringing works;

G. Any such other or further relief as the Court may deem just and proper;

H. For costs of suit incurred;

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above matter.

Dated: June 18, 2025

                                                    Respectfully submitted,

                                                  /s/DASHAWN HAYES
                                                  DaShawn Hayes (LA State Bar #34204)
                                                  The Hayes Law Firm, PLC
                                                  1100 Poydras St., Ste 1530
                                                  New Orleans, LA 70163
                                                  PH: 504-799-0374
                                                  FAX: 504-799-0375
                                                  dphayesesquire@gmail.com
                                                  Attorneys for Plaintiff

**WAIVER OF SERVICE REQUESTED**