UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE HENDERSON,<br>Plaintiff,<br><br>       v.<br><br>GLORIA WOODS, professionally known as GloRilla, et al.,<br>Defendants | CIVIL ACTION NO: 25-1254<br><br>SECTION "I"<br><br>JUDGE: LANCE M. AFRICK<br><br>MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### RULE 12(b)(2) AND RULE 12(b)(3) MOTION TO DISMISS COMPLAINT

Defendants Gloria Woods, professionally known as GloRilla ("Woods"), UMG Recordings, Inc. ("UMG"), CMG Enterprises II, Inc.[1] ("CMG"), W Chappell Music Corp. d/b/a WC Music Corp. ("Warner"), and BMG Rights Management (US) LLC ("BMG") (collectively, "Defendants"), respectfully submit this memorandum in support of their Motion to Dismiss the Complaint filed by Plaintiff Natalie Henderson ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Because this Court lacks personal jurisdiction over Defendants, they seek dismissal of the Complaint. Likewise, Defendants seek dismissal of the Complaint for improper venue. Alternatively, should the Court not dismiss the Complaint, Defendants request the Court transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

### INTRODUCTION

Plaintiff sued non-residents Woods, UMG, CMG, Warner, and BMG for the untenable claim that Defendants infringed her copyright in a 2024 song entitled "All Natural" in the allegedly infringing musical work entitled "Never Find."

---

[1] Plaintiff improperly named Collective Music Group, LLC d/b/a/ CMG the Label as a Defendant rather than CMG Enterprises II, Inc.

As established in Defendants' separate Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6), the Complaint fails to state any copyright infringement claim upon which relief can be granted.  But as a threshold matter, Plaintiff cannot establish that Woods, UMG, CMG, Warner, or BMG are subject to personal jurisdiction in this forum, and thus, Plaintiff's claims against those Defendants should be dismissed pursuant to Rule 12(b)(2).

Additionally, venue in this district is improper.  None of the Defendants reside or may otherwise be found in this district.  Should the Court not dismiss the Complaint, Defendants request in the alternative that the Court transfer venue to the Southern District of New York ("SDNY"), a proper district where this case could have been brought because Defendants do business in New York and may be found there, and would, in any event, consent to jurisdiction there.

**RELEVANT BACKGROUND**

Plaintiff, professionally known as "Slimdabodylast," claims ownership of the copyrighted 2024 musical work "All Natural."  She registered the musical composition and sound recording under the title "Natalie AKA Slimdabodylast NO BBL All Naturalle" with the U.S. Copyright Office (Registration Number SRu1-579-013).[2]  Defendant Woods is a recording artist and performer who performed and recorded the musical work "Never Find (Feat. K Carbon)" ("Never Find").

Plaintiff alleges, without distinguishing among any of the *five* named defendants, that all defendants "misappropriated" or "copied and sampled" her musical work "All Natural" through the "reproduction, distribution, publish [sic], display, and unauthorized creation" of the allegedly infringing work.[3]  Plaintiff further alleges, without any specificity, that all Defendants do

---

[2] Rec. Doc. 1, at 6, Complaint, ¶ 15.

[3] Rec. Doc. 1, at 9, Complaint, ¶ 22.

"continuous, systematic, and routine business within the State of Louisiana," "including their marketing and promotion of the infringing work, to Louisiana residents, who are able to purchase, download and stream the infringing compositions and recordings."[4]

Plaintiff does not allege any specific facts to support these conclusions. Indeed, the only allegation Plaintiff offers purportedly in support of her attempted theory of jurisdiction is that the allegedly infringing work is "accessible" worldwide through the internet and digital streaming services and therefore is "available for consumer use, in Louisiana by the Plaintiff and other Louisiana Residents through utilizing one of the streaming services."[5]

But none of the Defendants have specific ties to Louisiana. UMG is a record company incorporated in Delaware with its principal place of business in California.[6] It also has a presence in New York City.[7] UMG has no physical presence in Louisiana.[8]

CMG is a Delaware corporation, with its principal place of business in Tennessee and offices in New York City.[9] CMG has no physical presence in Louisiana.[10]

Warner is a music publishing company.[11] Warner has no right or interest in and to the musical composition entitled "Never Find" and does not issue licenses for or otherwise exploit the composition.[12] Warner is a California corporation, with its principal place of business in Los

---

[4] Rec. Doc. 1, at 2–5, Complaint, ¶¶ 3, 5, 8, 9, 10, 11.
[5] Rec. Doc. 1, at 2, 7, 11, Complaint, ¶¶ 3, 17, 32.FF.
[6] Rec. Doc. 1, at 4, Complaint, ¶ 8; *see also* Gold Declaration, ¶ 4, attached as **Exhibit 1**.
[7] **Exhibit 1**, Gold Declaration, ¶¶ 4, 10.
[8] **Exhibit 1**, Gold Declaration, ¶ 5.
[9] Rec. Doc. 1, at 4, Complaint, ¶ 9; Acker Declaration, ¶ 4, attached as **Exhibit 2**.
[10] **Exhibit 2**, Acker Declaration, ¶ 5.
[11] Blietz Declaration, ¶ 2, attached as **Exhibit 3**.
[12] **Exhibit 3**, Blietz Declaration, ¶ 2.

Angeles, California and maintains offices in New York City.[13] Warner has no physical presence in Louisiana.[14]

BMG collects music royalties on behalf of authors and composers.[15] BMG is a Delaware limited liability company with its principal place of business in New York.[16] BMG has no physical presence in Louisiana.[17]

Woods is an individual recording artist who "co-authored the musical composition and performed vocals on the infringing 'Never Find' sound recording."[18] Woods is a resident domiciled in and citizen of Georgia.[19] Woods also has no physical presence in Louisiana.[20]

## ARGUMENT

### I. Defendants are not subject to personal jurisdiction in Louisiana.

Plaintiff concedes that Defendants are non-residents. And yet, Plaintiff has not made *any* factual allegations that support the exercise of personal jurisdiction over any of them. The insufficient and conclusory allegations in the Complaint in and of themselves justify dismissal. Moreover, those conclusory allegations are rebutted by the irrefutable facts set forth in Defendants' declarations, which this Court can properly consider.[21] Based on the insufficiency of the Complaint and the support of Defendants' declarations, which demonstrate that these defects cannot be cured, this Court should dismiss Plaintiff's Complaint.

---

[13] Rec. Doc. 1, at 4, Complaint, ¶ 10; **Exhibit 3,** Blietz Declaration, ¶ 3.
[14] **Exhibit 3,** Blietz Declaration, ¶ 4.
[15] Hauprich Declaration, ¶ 3, attached as **Exhibit 4**.
[16] Rec. Doc. 1, at 5, Complaint, ¶ 11; **Exhibit 4,** Hauprich Declaration, ¶ 3.
[17] **Exhibit 4,** Hauprich Declaration, ¶ 4.
[18] Rec. Doc. 1, at 3–4, Complaint, ¶ 7; Files Declaration, ¶ 4, attached as **Exhibit 5**.
[19] **Exhibit 5,** Files Declaration, ¶ 3.
[20] **Exhibit 5,** Files Declaration, ¶¶ 4, 5.
[21] "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (citation modified); *accord Royal Coatings*, 2024 WL 1256250, at *2, *4.

4

### A. Plaintiff bears the burden of establishing personal jurisdiction over Defendants, an essential element of the Court's jurisdiction.

Personal jurisdiction is "an essential element of the jurisdiction of a district court;" without it, a court "is powerless to proceed to an adjudication." *Royal Coatings, Inc. v. StanChem, Inc.*, 2024 WL 1256250, at *2 (E.D. La. Mar. 25, 2024) (Africk, J.) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

When non-resident defendants move "to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Id.* at *2 (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)); *see also Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826 (5th Cir. 1986) ("the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial") (citation omitted). The Court need not "credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The Court may exercise personal jurisdiction over a non-resident defendant only if (1) "the long-arm statute of the forum state confers personal jurisdiction over that defendant," and (2) the "exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Id.* at *3 (citation omitted). Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, "the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements." *Id.* (citation omitted).

The exercise of personal jurisdiction over a non-resident defendant satisfies due process only if (1) the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state," and (2) exercising personal

5

"jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).

### B. The Court does not have specific jurisdiction over Defendants.

The Complaint is devoid of any facts establishing specific jurisdiction over Defendants. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432–33 (5th Cir. 2014). Put another way, the "operative facts of the litigation" must have "a substantial connection" to the non-resident "defendant's contacts with the forum state." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 675 n.8 (S.D. Tex. 2014) (citation omitted). Moreover, this Court must "consider the existence of personal jurisdiction on the basis of the facts as they existed at the time the complaint was filed." *Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 872 (E.D. Tex. 2008) (citing *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990)).

Thus, a court may only exercise specific jurisdiction if (1) the defendant has "minimum contacts with the forum state—purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein," (2) "the plaintiff's cause of action arise[s] out of or result[s] from the defendant's forum-related contacts," and (3) "the exercise of personal jurisdiction [would] be reasonable and fair." *Royal Coatings, Inc.*, 2024 WL 1256250, at *3 (quoting *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999)). No such facts exist or are pled here.

### 1. The Complaint fails to allege sufficient contacts between Defendants and the State of Louisiana.

Defendants do "*not* have minimum contacts with a state when" they do "not have a physical presence in the state" or "conduct business in the state." *Monkton Ins. Servs., Ltd.*, 768 F.3d at 433 (emphasis added). Such is the case here.

The Complaint alleges (incorrectly) only the bare legal conclusion that Defendants do "continuous, systematic, and routine business within the State of Louisiana."[22] The only other allegation as to Defendants' purported contacts with Louisiana is the boilerplate assertion that Defendants direct "marketing and promotion of the infringing work, to Louisiana residents, who are able to purchase, download and stream the infringing compositions and recordings."[23]

Plaintiff simply alleges, however, that the allegedly infringing work is made available worldwide through the internet and major streaming services.[24] Specifically, there is no allegation that any Defendant purposefully marketed, performed, or directed the sale of "Never Find," the allegedly infringing work, toward Louisiana in particular.

As a preliminary matter, these allegations "fail to demonstrate any individualized conduct taken in the forum state by any" individual Defendant, and the Complaint instead improperly "lumps all the named defendants, corporate and individual, together without any allegations of individualized conduct." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 479 (E.D. Tex. 2019) (alteration adopted).

Indeed, the Complaint is devoid of specific facts to support jurisdiction, and Plaintiff's conclusory allegations are insufficient. *See, e.g.*, *Panda*, 253 F.3d at 869 ("The law does not require us to struthiously credit conclusory jurisdictional allegations or draw farfetched inferences") (citation modified); *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (affirming dismissal on jurisdictional grounds, finding "allegations that [defendant] 'conducted business routinely' and does 'substantial business' in Texas, without more, merely

---

[22] Rec. Doc. 1, at 2–5, Complaint, ¶¶ 3, 5, 8, 9, 10, 11.
[23] Rec. Doc. 1, at 2–5, Complaint, ¶¶ 3, 5, 8, 9, 10, 11.
[24] Rec. Doc. 1, at 2, 3, 7, 11, Complaint, ¶¶ 3, 7, 17, 32.

amount to 'vague and overgeneralized assertions' of contacts 'that give no indication as to the extent, duration or frequency' of [defendant's] contacts").

Regardless, national (or worldwide) distribution of an allegedly infringing work, without more, is insufficient to confer jurisdiction over Defendants. Defendants exploit the allegedly infringing work "like all other [compositions] that they control, with no special emphasis on this District." *Fernandez v. Jagger*, 2023 WL 6880431, at *2, *4 (E.D. La. Oct. 18, 2023) (dismissing copyright infringement claim, finding no jurisdiction based on allegations that defendants were "in the business of selling and distributing their musical works worldwide"), *aff'd*, 2024 WL 3717264 (5th Cir. Aug. 8, 2024); *Paynes v. Woods*, 2024 WL 894901, at *2–3 (E.D. La. Mar. 1, 2024) (following *Fernandez* to find no jurisdiction based on allegations that defendants simply made "an allegedly infringing work available worldwide via the internet, without more"); *accord Ham v. La Cienega Music Co.*, 4 F.3d 413 (5th Cir. 1993) (finding no jurisdiction despite defendants' nationwide distribution of music). Not only do *Fernandez* and *Paynes* present factually similar situations where the courts found a lack of contacts with the forum to create minimum contacts, but these cases involved several of the same defendants (UMG, BMG, Warner, and Ms. Woods) *and* the plaintiffs in those cases were represented by the same counsel as in this case.[25]

The Fifth Circuit, in *Fernandez v. Jagger*, 2024 WL 3717264 (5th Cir. Aug. 8, 2024), recently affirmed Judge Fallon's dismissal of a complaint containing almost identical allegations, holding that they were insufficient to form minimum contacts. The court affirmed the dismissal of a copyright infringement claim because the plaintiff had not "alleged that the defendants have targeted Louisiana in any particularized way beyond making music generally available on the internet." *Id.* at *3; *see also Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021)

---

[25] Plaintiff's counsel should be well aware that this Circuit has rejected Plaintiff's proposition on multiple occasions.

("Merely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create 'minimum contacts' necessary to establish personal jurisdiction in the forum state."); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320–21 (5th Cir. 2021) (explaining that "Texans visit[ing] [a] [web]site, clicking ads and buying things there" did not amount to purposeful availment). This is particularly true where, as demonstrated here for at least two of the publishing companies by unrebutted declarations, any such distribution is made through the acts of third-party licensees. *See Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 509 n.8 (E.D. La. 2010) ("Courts routinely hold that the mere existence of a licensor-licensee relationship is insufficient to impute the contacts of a licensee on the licensor for the purpose of establishing personal jurisdiction") (citation and internal quotation marks omitted).

Defendants generally license musical compositions through blanket licenses (encompassing their catalogs as a whole) to third-party digital music services such as Spotify and Apple Music, which, in turn, make the works available to users across the country through an online subscription network.[26] Such "random, fortuitous, or attenuated contacts" with Louisiana, that were initiated by the independent activities of third parties, are simply "not sufficient" to establish personal jurisdiction over Defendants. *See Fernandez*, 2023 WL 6880431, at *5; *Paynes*, 2024 WL 894901, at *3 (same); *Robinson v. Jeopardy Prods., Inc.*, 2019-1095 (La. App. 1 Cir. 10/21/20), 315 So. 3d 273, 278–79 (finding no personal jurisdiction where defendant had no contacts with Louisiana other than through the activities of third parties).

The only physical presence Defendant Woods had in Louisiana, according to the Complaint, is sporadic concerts at various points over the years <u>prior to the filing of the complaint</u>. Such sporadic presence over the course of years does not constitute "purposely direct[ing] their

---

[26] **Exhibit 1**, Gold Declaration, ¶ 8; **Exhibit 2**, Acker Declaration, ¶ 9; **Exhibit 3**, Blietz Declaration, ¶ 6; **Exhibit 4,** Hauprich Declaration, ¶ 6.

9

activities or purposely avail[ing] themselves of the privileges of directing their activities to this District." *Fernandez*, 2024 WL 3717264, at *4 (discussing the Rolling Stones' four concerts in New Orleans which also occurred prior to the writing of the alleged infringing song). That is particularly true considering that no references in the Complaint to Woods' presence in Louisiana involved performing the allegedly infringing work, and many came before the allegedly infringing work was created.[27] And this Court should disregard allegations of Woods' *future* conduct alleged in the Complaint, which has not occurred yet and may never occur.[28] Such future conduct is irrelevant when considering a motion to dismiss for lack of personal jurisdiction because such jurisdiction attaches at the time of filing. *Diebold Election Sys., Inc.*, 562 F. Supp. 2d at 872; *see also Asarco, Inc.*, 912 F.2d at 787.

Although Plaintiff's failure to allege minimum contacts is enough to end the inquiry, Defendants also have conclusively established through declarations that they have insufficient contacts with Louisiana. Specifically, Defendants do not have any physical presence in Louisiana.[29] Defendants have no employees in Louisiana.[30] Any employees with knowledge regarding the exploitation of the allegedly infringing work reside outside of Louisiana.[31]

Plaintiff's own residence in Louisiana is the only allegation specific to this forum.[32] But Plaintiff's own contacts with the forum state cannot "be used to demonstrate contacts by the defendant." *Monkton Ins. Servs., Ltd.*, 768 F.3d at 433; *see also Walden v. Fiore*, 571 U.S. 277,

---

[27] Rec. Doc. 1, at 2–3, Complaint, ¶ 4.

[28] Rec. Doc. 1, at 2–3, Complaint, ¶ 4.

[29] **Exhibit 1**, Gold Declaration, ¶ 5; **Exhibit 2**, Acker Declaration, ¶ 5; **Exhibit 3,** Blietz Declaration, ¶ 4; **Exhibit 4,** Hauprich Declaration, ¶ 4; **Exhibit 5,** Files Declaration, ¶¶ 4, 5.

[30] **Exhibit 1**, Gold Declaration, ¶ 5; **Exhibit 2**, Acker Declaration, ¶ 5; **Exhibit 3,** Blietz Declaration, ¶ 4; **Exhibit 4,** Hauprich Declaration, ¶ 4.

[31] **Exhibit 1**, Gold Declaration, ¶¶ 5, 9, 10; **Exhibit 2**, Acker Declaration, ¶¶ 5, 11; **Exhibit 3,** Blietz Declaration, ¶¶ 4, 5, 7, 9, 10; **Exhibit 4,** Hauprich Declaration, ¶¶ 5, 9; **Exhibit 5,** Files Declaration, ¶ 10.

[32] Plaintiff does not allege that any defendant resides in Louisiana. *See* Rec. Doc. 1, at 3–5, Complaint, ¶¶ 7, 11.

284 (2015) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State"); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–98 (1980) (finding the plaintiff's actions cannot create a relationship between the defendant and the forum).

Plaintiff cannot meet her burden of showing that Defendants have purposefully availed themselves of doing business in Louisiana, and Defendants' declarations unequivocally establish that they have not done so. Without the requisite minimum contacts, the Court cannot exercise jurisdiction over Defendants.

### 2. The Complaint does not arise out of Defendants' contacts with the forum state.

Plaintiff has not and cannot allege facts demonstrating that her claim arises out of any purported contacts by Defendants with the forum state.

The only purported connection to Louisiana is the allegation that the allegedly infringing work is available for Louisiana residents to purchase, download, or stream.[33] But the Fifth Circuit has repeatedly held that "simply marketing an allegedly copyright-infringing song to the 'broadest possible geographical basis'—including the forum state—amounts to a 'highly attenuated relationship' between the allegedly unlawful acts and the forum state that is insufficient to establish minimum contacts." *Fernandez*, 2024 WL 3717264, at *3 (quoting *Ham*, 4 F.3d at 416); *see also Fernandez*, 2023 WL 6880431, at *4 (the "resolution of copyright infringement actions for musical recordings does not bear on distribution of music throughout the forum") (citing *Ham*, 4 F.3d at 416); *Paynes*, 2024 WL 894901, at *3 (same); *Sinclair*, 709 F. Supp. 2d at 509 (holding that "sales in the forum, even of products covered by the patent, do not constitute 'other activities' sufficient

---

[33] Rec. Doc. 1, at 2, 3, 7, 11, Complaint, ¶¶ 3, 7, 17, 32.

to support a claim of specific jurisdiction over a defendant") (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334–35 (Fed. Cir. 2008)).

*Fernandez* and *Paynes* are instructive here. In *Fernandez*, Judge Fallon dismissed the plaintiff's complaint for lack of personal jurisdiction over the defendants, including UMG and BMG, because "the mere fact that people in this District listen to the [defendants] or the Alleged Work does not permit this Court to wield specific jurisdiction over the defendants as the resolution of the underlying copyright issue has no bearing on the little contact that [the defendants] have with the District." *Fernandez*, 2023 WL 6880431, at *4. *Paynes* reiterated *Fernandez*, holding there was no jurisdiction against Defendants Woods, Warner, or UMG because those Defendants had not "purposefully availed [themselves]" by simply "making the allegedly infringing work available for worldwide internet download by consumers." 2024 WL 894901, at *3. That argument would ostensibly make such a defendant "subject to specific personal jurisdiction in any forum." *Id.* In *Fernandez* and *Paynes*, as here, "[b]esides arguing that the defendants placed the Alleged Work into the stream of commerce, [plaintiff] fails to assert any connection between this District and the [Alleged] Work as it was written and recorded outside of this District." *Id.* The Fifth Circuit affirmed Judge Fallon's decision in *Fernandez* for those same reasons. *Fernandez*, 2024 WL 3717264, at *3.

Similarly, in *Ham v. La Cienega Music Co.*, the Fifth Circuit held that the alleged exploitation of copyrights within the forum "by the defendants in no way relates to the merits" of a copyright infringement lawsuit. 4 F.3d at 416. The Court found that the "nationwide" distribution of the defendants' work "demonstrated at best a highly attenuated relationship between the subject matter of the instant [infringement] action and distribution of music" in the forum, and as such, the exercise of personal jurisdiction would offend due process. *Id.* Critically, if the Court

12

were to accept Plaintiff's position that merely placing music online for streaming and download is sufficient to create minimum contacts, then artists, their publishers and their record labels would be subject to jurisdiction in every district of every state.

"Never Find" was not written, recorded, or produced in Louisiana,[34] nor are there any allegations to the contrary. Defendants have not specifically directed any licensing activity regarding "Never Find" to Louisiana residents.[35]

The lack of jurisdiction is particularly evident where, as here, there is no allegation that the allegedly infringing work was performed or distributed in Louisiana, and even if it was, there is no allegation that this was the result of any direct and/or intentional conduct by Defendants. *See Robinson*, 315 So. 3d at 279 (no jurisdiction where defendant "merely owns the intellectual property" and "made no intentional or direct contact with Louisiana"); *Nuovo Pignone, SpA v. SOTRMAN ASIA M/V*, 310 F.3d 374, 381 (5th Cir. 2002) (explaining that, where the Fifth Circuit has "been presented with the opportunity to extend the [stream-of-commerce] principle to other areas such as contract or copyright, we have found the defendant's delivery of products into the stream-of-commerce to be unrelated to the cause of action"), *abrogated on other grounds by Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (declining to apply stream-of-commerce principle because the plaintiffs had "failed to make a prima facie showing that the litigation results from alleged injuries that arise out of or relate to" defendants' contacts with the forum) (internal quotation omitted), *abrogated on other grounds by Water Splash*, 581 U.S. 271.

---

[34] **Exhibit 1**, Gold Declaration, ¶ 6; **Exhibit 2**, Acker Declaration, ¶ 7; **Exhibit 3,** Blietz Declaration, ¶ 5; **Exhibit 5,** Files Declaration, ¶ 4.

[35] **Exhibit 1**, Gold Declaration, ¶¶ 7, 9; **Exhibit 2**, Acker Declaration, ¶¶ 6, 10; **Exhibit 3,** Blietz Declaration, ¶¶ 7, 8; **Exhibit 4,** Hauprich Declaration, ¶¶ 4, 5; **Exhibit 5,** Files Declaration, ¶ 5.

13

### 3. The exercise of jurisdiction over Defendants is not fair or reasonable.

In considering the "fairness" of requiring a non-resident to defend a suit in a distant forum, courts look to several factors, namely, "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990); *see also Wilson v. Belin*, 20 F.3d 644, 647 n.3 (5th Cir. 1994).

Defendants would be unfairly burdened if they were subjected to personal jurisdiction in this district, as each is a non-resident, without any physical presence in Louisiana.[36] And Plaintiff's interest is not determinative, particularly as she does not allege that the allegedly infringing work was created in or directed toward Louisiana, or that any of the evidence related to Plaintiff's copyright infringement claim, or witnesses with knowledge of the claim, are located in Louisiana. The judicial system's interest in obtaining the most efficient resolution therefore also weighs against jurisdiction in Louisiana, as efficiency dictates for this matter to proceed in a state that holds the relevant documents and where the percipient witnesses are located.[37] Exercising specific jurisdiction over Defendants would be unjust and unfair.

### C. Defendants are not subject to general jurisdiction in Louisiana.

A court may exercise general jurisdiction only if the defendant's contacts with the forum are so "continuous and systematic" as to render the corporation "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014); *accord Royal Coatings, Inc.*, 2024 WL 1256250, at *3. A

---

[36] **Exhibit 1**, Gold Declaration, ¶ 10; **Exhibit 2**, Acker Declaration, ¶ 11; **Exhibit 3**, Blietz Declaration, ¶¶ 9–10; **Exhibit 4,** Hauprich Declaration, ¶ 9; **Exhibit 5,** Files Declaration, ¶ 10.

[37] **Exhibit 1**, Gold Declaration, ¶ 10; **Exhibit 2**, Acker Declaration, ¶ 11; **Exhibit 3**, Blietz Declaration, ¶¶ 9–10; **Exhibit 4,** Hauprich Declaration, ¶ 9; **Exhibit 5,** Files Declaration, ¶ 10.

corporation is "at home" only in the state of its incorporation and its principal place of business. *Monkton Ins. Servs., Ltd.*, 768 F.3d at 432.  For individuals, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG*, 571 U.S. at 137.

No Defendant is "at home" in Louisiana.  UMG is a Delaware corporation, with its principal place of business in California.[38]  CMG is a Delaware corporation, with its principal place of business in Tennessee.[39]  Warner is a California corporation, with its principal place of business in California.[40]  BMG is a Delaware corporation, with its principal place of business in New York.[41]  Woods is an individual domiciled in Georgia.

The Complaint's allegations that each defendant conducts "continuous, systematic, and routine business within the State of Louisiana"[42] is boilerplate verbiage that on its face is insufficient to confer general jurisdiction over any defendant. *Daimler AG*, 571 U.S. at 138 (formula allowing "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' . . . is unacceptably grasping").  Furthermore, that allegation is simply incorrect, as set forth in the accompanying declarations establishing that none of the Defendants could be considered "at home" in Louisiana.

Because Defendants are not subject to either specific or general jurisdiction in Louisiana, Plaintiff's Complaint should be dismissed.

---

[38]  **Exhibit 1**, Gold Declaration, ¶ 4.
[39]  **Exhibit 2**, Acker Declaration, ¶ 4.
[40]  **Exhibit 3,** Blietz Declaration, ¶ 3.
[41]  **Exhibit 4,** Hauprich Declaration, ¶ 3.
[42]  Rec. Doc. 1, at 2–5, Complaint, ¶¶ 3, 5, 8, 9, 10, 11.

## II. The Eastern District of Louisiana is an improper venue.

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for improper venue. In copyright infringement cases, venue is governed by 28 U.S.C. § 1400(a),[43] which requires that cases be brought in a district "where a defendant resides or may be found." *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 590 (E.D. La. Feb. 4, 2013) (Africk, J.). A defendant "may be found" in a district where they are subject to personal jurisdiction. *Id.* Plaintiff bears the burden of establishing that venue is proper. *Asevedo*, 921 F. Supp. 2d at 589.

Although similar to the test for personal jurisdiction, when determining proper venue, "a defendant's contacts with a judicial district are analyzed as if the district were a state." *Tran Enters., LLC v. Dao*, 2010 WL 5092968, at *3 (S.D. Tex. Dec. 7, 2010); *see also Nuttall v. Juarez*, 984 F. Supp. 2d 637, 645 (N.D. Tex. 2013) ("The venue inquiry is conducted as if the district were its own state."); *Asevedo*, 921 F. Supp. 2d at 590.

Plaintiff has not alleged that any defendant "resides or may be found" in the Eastern District of Louisiana; to the contrary, the Complaint concedes that ***all*** defendants are nonresidents.[44] As demonstrated above, Defendants are not subject to jurisdiction in Louisiana and none are "at home" in Louisiana.

For many of the same reasons as articulated above, *see supra* Part I, Plaintiff has not and cannot meet her burden of establishing proper venue in this district. Accordingly, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

---

[43] Plaintiff erroneously asserts that venue is also proper under 28 U.S.C. § 1391(b)(2). Rec. Doc. 1, at 3, Complaint, ¶ 5. Venue in copyright infringement cases is specifically governed by 28 U.S.C. § 1400(a), however. *See Peel & Co. v. The Rug Market*, 1999 WL 13940, at *4 (E.D. La. Jan. 12, 1999); *see also Tran Enters., LLC v. Dao*, 2010 WL 5092968, at *2 (S.D. Tex. Dec. 7, 2010).

[44] Rec. Doc. 1, at 3–5, Complaint, ¶¶ 7–11.

### III.  Alternatively, the Court may transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

As explained in Part II, *supra*, the Court should dismiss the Complaint for improper venue in this district pursuant to Rule 12(b)(3).  Alternatively, if the Court does not dismiss the Complaint and finds that transfer to another district is more appropriate, in the interest of justice, it may transfer this case to the Southern District of New York because Plaintiff could have brought this action in that district.  Defendants consent to jurisdiction and venue in the SDNY for the purposes of this case, where they maintain offices and business operations, where officers and directors of certain of Defendants are domiciled, and where employees with knowledge regarding the exploitation and licensing of the allegedly infringing work reside.[45]

The Court has discretion to dismiss or transfer a case pursuant to 28 U.S.C. § 1406(a) when the district in which Plaintiff filed her case is an improper venue.  *AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 787 (S.D. Tex. 2012).  The Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A "district is 'wrong' within the meaning of § 1406(a) whenever there exists an 'obstacle (to) an expeditious and orderly adjudication' on the merits."  *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) (quoting *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1105 (5th Cir. 1981)); *AllChem*, 878 F. Supp. 2d at 788.  Lack of personal jurisdiction is a ground for such dismissal or transfer.  *Id.*

Defendants "may be found" in the SDNY, and, in any event, would consent to jurisdiction there.  28 U.S.C. § 1400(a).  Defendants BMG, UMG, Warner, and CMG maintain offices and

---

[45] **Exhibit 1**, Gold Declaration, ¶ 10; **Exhibit 2**, Acker Declaration, ¶ 11; **Exhibit 3,** Blietz Declaration, ¶¶ 9–10; **Exhibit 4,** Hauprich Declaration, ¶ 9; **Exhibit 5,** Files Declaration, ¶ 10.

employees in the SDNY.[46] Thus, evidence and witnesses would be more readily available in the SDNY. Further, Woods would consent to jurisdiction there as well.[47] *See Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (Section 1406(a) "permits a court to transfer a case 'to any district or division in which it could have been brought' regardless whether it has personal jurisdiction over the defendants").

Although dismissal of the Complaint is warranted for multiple reasons, if the Court is not inclined to dismiss for lack of personal jurisdiction or improper venue, the Court should transfer this case to the SDNY.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative only, Defendants request that this action be transferred to the Southern District of New York, a more convenient forum where they consent to jurisdiction and venue for purposes of this case.

**[Signature block on following page]**

---

[46] **Exhibit 1**, Gold Declaration, ¶¶ 4, 10; **Exhibit 2**, Acker Declaration, ¶¶ 11; **Exhibit 3,** Blietz Declaration, ¶¶ 3, 10; **Exhibit 4,** Hauprich Declaration, ¶¶ 3, 9.

[47] **Exhibit 5,** Files Declaration, ¶¶ 9, 10.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  /s/ *Ashley J. Heilprin*
    Ashley J. Heilprin, T.A. (La. Bar #34928)
    Mary Ellen Roy (La. Bar #14388)
    Patrick M. Judd (La. Bar #40415)
    365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130-6534
    Telephone: (504) 566-1311
    Facsimile: (504) 568-9130
    Email: ashley.heilprin@phelps.com
          roym@phelps.com
          patrick.judd@phelps.com

**ATTORNEYS FOR DEFENDANTS GLORIA WOODS, PROFESSIONALLY KNOWN AS GLORILLA; UMG RECORDINGS, INC.; CMG ENTERPRISES II, INC.; W CHAPPELL MUSIC CORP d/b/a WC MUSIC CORP.; and BMG RIGHTS MANAGEMENT (US) LLC**

**AND**

**BARTON LLP**

    Ross Charap (*pro hac vice* forthcoming)
    711 Third Avenue, 14th Floor,
    New York, New York 10017
    Telephone: (212) 885-8861
    Email: rcharap@bartonesq.com

**ATTORNEY FOR DEFENDANT BMG RIGHTS MANAGEMENT (US) LLC**