UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE HENDERSON,<br>Plaintiff,<br><br>      v.<br><br>GLORIA WOODS, professionally<br>known as GloRilla, et al.,<br>Defendants | CIVIL ACTION NO: 25-1254<br><br>SECTION "I"<br><br>JUDGE: LANCE M. AFRICK<br><br>MAGISTRATE JUDGE: DONNA PHILLIPS<br>CURRAULT |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants Gloria Woods ("GloRilla"), UMG Recordings, Inc. ("UMG"), CMG Enterprises II, Inc.[1] ("CMG"), W Chappell Music Corp. d/b/a WC Music Corp. ("Warner"), and BMG Rights Management (US) LLC ("BMG") (collectively, "Defendants"), respectfully submit this memorandum in support of their Motion to Dismiss the Complaint[2] filed by Plaintiff Natalie Henderson ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3]

### INTRODUCTION

Plaintiff's Complaint asserts the untenable claim that Defendants infringed her copyright in a 2024 sound recording entitled, "All Natural," by manipulating and inserting the phrase "*Slimdabodylast, all naturale, no BBL, mad hoes go to hell*" into allegedly infringing works.[4]

---

[1] Plaintiff improperly named Collective Music Group, LLC d/b/a/ CMG the Label as a Defendant rather than CMG Enterprises II, Inc.

[2] Rec. Doc. 1.

[3] Defendants have also contemporaneously moved to dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue.

[4] The phrase, "naturale, no BBL" refers to a person with a natural body who has not undergone the "Brazilian Butt Lift" cosmetic procedure. *See Andre P. Marshall, M.D. Inc. v. Squlpt Management, LLC*, 2025 WL 736582, at *1

Plaintiff's Complaint fails to state a claim against Defendants for direct copyright infringement for several independent reasons:

(1) the Complaint does not plausibly allege that Defendants had access to Plaintiff's song, to support factual copying;

(2) the Complaint does not allege facts sufficient to plausibly establish a required element of copyright infringement—substantial similarity;

(3) the phrase at issue in "All Natural"—"*all naturale, no BBL*"—is not copyrightable because it is both too short and too commonplace to be considered original; and

(4) Plaintiff is not entitled to recover both actual and statutory damages.

And because Plaintiff fails to state a claim for direct copyright infringement, she is not entitled to injunctive relief.

For these reasons, the Court should dismiss the Complaint in its entirety, with prejudice.

## FACTUAL BACKGROUND

Plaintiff, professionally known as "Slimdabodylast," alleges that she gained recognition following a series of "viral" social media posts in early 2024 that referenced her physique as "all naturale, no BBL"—a phrase positioned as the central theme of her song "All Natural."[5] Plaintiff claims that after achieving "viral" status on social media in January 2024, she subsequently authored the sound recording and musical composition entitled, "All Natural."[6] Plaintiff claims ownership of the musical work "All Natural." She alleges she registered the musical composition

---

(C.D. Cal. Feb. 3, 2025) (a "Brazilian Butt Lift[] (BBL) . . . is a procedure that enhances the size and shape of the buttocks by transferring fat from other areas of the body").

[5] Rec. Doc. 1, at 6, Complaint, ¶ 13.

[6] Rec. Doc. 1, at 6, Complaint, ¶ 14.

and sound recording under the title "Natalie AKA Slimdabodylast NO BBL All Naturalle" with the U.S. Copyright Office (Registration Number SRu1-579-013).[7]

Defendant GloRilla is a recording artist and performer who, together with UMG, Warner, and BMG, Plaintiff alleges, distributed and profited from the musical work "Never Find (Feat. K Carbon)" ("Never Find"). Plaintiff alleges in conclusory fashion that "Never Find" misappropriated unidentified recognizable elements from "All Natural" and that the two works contain unidentified similarities in melody, content, and arrangement. But with one exception, the Complaint does not specify any particular allegedly protected elements, let alone that such elements are substantially similar.[8] Plaintiff's only specific allegation is that "Never Find" copies and interpolates the lyrics "*Slimdabodylast, all naturale, no BBL, mad hoes go to hell*" from "All Natural" in the "Never Find" lyrics, "*Natural, no BBL, but I'm still gon' give them hell.*"[9]

The disputed phrase "*Natural, no BBL, but I'm still gon' give them hell*" appears only once in "Never Find," at the 26-second mark, and is not repeated elsewhere in the song.[10] At best, the usage of the phrase is de minimis. In fact, the thematic chorus of "Never Find" is: "*You ain't gon' never find a bitch that's good as me*," repeated throughout "Never Find."[11] On the other hand, "All Natural" opens with the phrase "*Slimdabodylast, all naturale, no BBL, mad hoes go to hell*" and repeats it throughout the chorus.[12]

---

[7] Rec. Doc. 1, at 6, Complaint, ¶ 15.

[8] Rec. Doc. 1, at 8, Complaint, ¶¶ 19, 20.

[9] Rec. Doc. 1, at 8–9, Complaint, ¶ 21.

[10] **Exhibit 1**, "Never Find" audio file. For additional reference, the Court can view the song at theofficialGloRilla, *GloRilla - NEVER FIND (feat. K Carbon) (Official Audio)*, YOUTUBE, https://www.youtube.com/watch?v=oRWUDsTdi9c&list=RDoRWUDsTdi9c&start_radio=1 (last visited Sept. 8, 2025), or GloRilla, K Carbon, *NEVER FIND*, APPLE MUSIC, https://music.apple.com/us/song/never-find/1775794408 (last visited Sept. 8, 2025).

[11] **Exhibit 1**, "Never Find" audio file.

[12] For reference, the Court can view the song at Slimdabodylast - Topic, *All Natural*, YOUTUBE, https://www.youtube.com/watch?v=8_8i1DkMUGM&list=RD8_8i1DkMUGM&start_radio=1 (last visited Sept.

3

Among other differences between the works, the pronunciation and rhyme scheme of the words "*natural*" and "*naturale*" differ between the two songs. In "Never Find," "*natural*" is pronounced "NATCH-uh-ruhl," ending in "-əl" or "-uhl."[13] In "All Natural," on the other hand, "*naturale*" is pronounced as "na-tu-RAAL," ending with "-ale" and rhyming with "pal" or "gal."[14]

Plaintiff contends that Defendants have infringed her copyright in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* There is no basis for even making such a claim.

## LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Body by Cook*, 869 F.3d at 385 (quoting *Ashcroft*, 556 U.S. at 678).

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court does not need to accept as true "a legal conclusion couched as a factual allegation," and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation modified).

---

8, 2025), or Slimdabodylast, *All Natural - Single*, APPLE MUSIC, https://music.apple.com/us/album/all-natural/1749521119?i=1749521121 (last visited Sept. 8, 2025).

[13] **Exhibit 1**, "Never Find" audio file.

[14] Slimdabodylast - Topic, *All Natural*, YOUTUBE, https://www.youtube.com/watch?v=8_8i1DkMUGM&list=RD8_8i1DkMUGM&start_radio=1 (last visited Sept. 8, 2025); Slimdabodylast, *All Natural - Single*, APPLE MUSIC, https://music.apple.com/us/album/all-natural/1749521119?i=1749521121 (last visited Sept. 8, 2025).

When considering a Rule 12(b)(6) motion, the Court may review documents (or materials) that are referenced in, and material, to the claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants attach Exhibit 1, an audio file of "Never Find," also available at theofficialGloRilla, *GloRilla - NEVER FIND (feat. K Carbon) (Official Audio)*, YOUTUBE, https://www.youtube.com/watch?v=oRWUDsTdi9c&list=RDoRWUDsTdi9c&start_radio=1, and GloRilla, K Carbon, *NEVER FIND*, APPLE MUSIC, https://music.apple.com/us/song/never-find/1775794408. Defendants also refer the Court to publicly available URLs containing Plaintiff's referenced work. Slimdabodylast - Topic, *All Natural*, YOUTUBE, https://www.youtube.com/watch?v=8_8i1DkMUGM&list=RD8_8i1DkMUGM&start_radio=1; Slimdabodylast, *All Natural - Single*, APPLE MUSIC, https://music.apple.com/us/album/all-natural/1749521119?i=1749521121.

In copyright cases in particular, the Fifth Circuit has held that "the works at issue in copyright disputes are 'central' to the plaintiff's claim and therefore may be considered" on a motion to dismiss. *Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 823 (5th Cir. 2017) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Moreover, in copyright infringement cases, "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation modified).

To prevail on a copyright infringement claim, a plaintiff must demonstrate (1) copyright ownership, (2) factual copying, and (3) substantial similarity between the works in question. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). Specifically, a plaintiff must prove defendants had access to the allegedly infringed work unless the works are strikingly similar. *Id.* The songs

in this case are clearly not strikingly similar and Plaintiff has not plausibly pled Defendants had access to her work. Accordingly, Plaintiff has not sufficiently pled these elements and her suit should be dismissed.

**ARGUMENT**

**I.       The Complaint fails to state a claim for copyright infringement by failing to plausibly allege access by Defendants to Plaintiff's song to support factual copying.**

Plaintiff's Complaint fails to plausibly allege that Defendants had access to her song. A copyright claim must allege "factual copying," which requires proof that the defendant actually used the copyrighted material to create her own work. *Batiste*, 976 F.3d at 502 (citation modified). Because direct evidence of copying is "hard to come by," a plaintiff may infer factual copying by showing "(1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Id.*[15]

To establish access, the plaintiff's allegations must show the defendant "had a reasonable opportunity to view [or hear] the copyrighted work." *Id.* at 503 (citation omitted). A "bare possibility" of access or "a theory of access based on speculation and conjecture" is insufficient. *Id.* (citation modified).

Courts consider "the degree of a work's commercial success and its distribution through radio, television, and other relevant mediums" to determine if that dissemination is indeed widespread. *Id.* (citation omitted). "Simply put, the plaintiff must show that the work has enjoyed considerable success or publicity," which for musical works often means proof of "widespread dissemination with evidence of frequent airplay, 'record sales, awards, billboard charts, or royalty

---

[15] This is not a situation where Plaintiff is entitled to "an inference of factual copying without any proof of access" because, as discussed, the two works at issue are not "strikingly similar." *Batiste*, 976 F.3d at 502 (citation omitted); *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, No. 6-12-cv-42, 2014 WL 6982331, at *5 (S.D. Tex. Dec. 9, 2014) (noting that "strikingly similar" is a "much higher standard" that "substantial similarity"), *aff'd*, 808 F.3d 1031 (5th Cir. 2015).

6

revenues.'"  *Id.* (quoting *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1038 (5th Cir. 2015)).

The Complaint does not identify how, when, or where any Defendant accessed Plaintiff's song.  The Complaint does not contain any allegation of widespread dissemination of "All Natural" after Plaintiff allegedly authored the song in 2024.  That is because there was none.  The only reference to dissemination occurred regarding social media posts about Plaintiff's physique *before* she authored the song:

> In or around 2024, Plaintiff, professionally known as Slimdabodylast, made several social media posts concerning her modeling and physique that went viral. Specifically, Plaintiff refers to her physique that is "all naturale, no BBL." The aforesaid reference and video posts went viral through several published social media posts on Instagram from January 6, 2024, and thereafter, and has garnered over one (1) million views and likes.[16]

But these alleged viral social media posts occurred before Plaintiff claims to have authored the song "All Natural."  The Complaint clarifies that Plaintiff sought "to monetize her viral status . . . , *subsequently*, in 2024," by "author[ing] the sound recording and musical composition entitled 'All Natural.'"[17]  Plaintiff only registered the copyright in the sound recording, not in the social media posts, and only after the posts allegedly "went viral."[18]

Plaintiff's copyright registration cannot support her copyright claim, given that her copyright registration does not extend to her social media posts.  *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019) ("outside of statutory exceptions not applicable here, § 411(a) bars a copyright owner from suing for infringement until registration has

---

[16]  Rec. Doc. 1, at 6, Complaint, ¶ 13.

[17]  Rec. Doc. 1, at 6, Complaint, ¶ 14 (emphasis added).

[18]  Rec. Doc. 1, at 6, Complaint, ¶¶ 14, 15.  Plaintiff received a "SR" copyright certificate, reserved for sound recordings.

been made") (citation modified); *Batiste*, 976 F.3d at 502 (plaintiff must prove "ownership of a valid copyright").

Instead of alleging that Plaintiff's song was widely disseminated or that Defendants plausibly heard it, Plaintiff merely states that "All Natural" was "published and distributed by and through releasing the subject sound recording on all major music streaming platforms and digital music outlets, including but not limited to Tidal, Apple Music, Spotify, YouTube, YouTube Music, and Amazon Music on or about May 29, 2024."[19] But merely uploading a song to public platforms is insufficient to allege access.

In *Batiste*, for example, the Fifth Circuit held that uploading a song to "online services such as iTunes, Spotify, and YouTube" was insufficient to support access without evidence of widespread "downloads and streams" of that work. *Batiste*, 976 F.3d at 503. Similarly, in *Guzman*, the Fifth Circuit affirmed a bench trial finding that the defendant did not access the copyrighted song because there was no evidence that the song was "frequently" played on the radio, no "evidence of record sales, awards, billboard charts, or royalty revenues," and no evidence that the song "was popular enough to receive airplay . . . after it was released." 808 F.3d at 1038.

The Complaint does not allege that *anyone* has downloaded Plaintiff's song. In fact, the plaintiffs in *Batiste* and *Guzman* alleged more dissemination than Plaintiff does here. In *Batiste*, at least, the plaintiff claimed "his music was sold nationwide," broadcast "on local radio stations," and "sold in record stores, on his website, and at live shows." *Batiste*, 976 F.3d at 503. In *Guzman*, the plaintiff likewise alleged that Defendants "had 'thousands' of opportunities to hear" his song on "radio stations and at . . . live performances." *Guzman*, 808 F.3d at 1037. Yet, in both cases, the Fifth Circuit affirmed the dismissal of the plaintiff's claims, holding that "a bare *possibility*

---

[19] Rec. Doc. 1, at 6–7, Complaint, ¶ 15.

that the defendants" might have "had an opportunity to hear and copy [plaintiff's] music" was insufficient to prove access. *Batiste*, 976 F.3d at 504.

Here, Plaintiff fails to place any Defendant—or any listener—within earshot of "All Natural." For this reason alone, Plaintiff fails to state a claim for copyright infringement by not alleging access to the work to support factual copying. *Batiste*, 976 F.3d at 502. And to the second prong of factual copying, probative similarity, *see infra* Part II, the two songs have little to no similarity, and thus Plaintiff's claim fails on this prong too.

**II.     The Complaint fails to state a copyright infringement claim because it fails to allege the required element of substantial similarity.**

The uses of the disputed phrase between the two songs are not substantially similar. As the Fifth Circuit has explained, a plaintiff establishes actionable copyright infringement "by showing 'that the allegedly infringing work is substantially similar to protectable elements of the infringed work.'" *Id.* (citation omitted). Determining copyright infringement requires "a side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

Here, it is evident upon listening to the works that Plaintiff cannot demonstrate substantial similarity between "Never Find" and the protectable elements, if any, of "All Natural." Anyone who listens to the two songs should easily reach the conclusion that these songs are not substantially similar.

Although Plaintiff alleges the two songs are similar in "lyrics, content, and melody," the Complaint fails to specify or support with facts its claims of similarity regarding content and

9

melody.[20]  Such conclusory and unsupported allegations cannot suffice to support a claim for relief.  *Twombly*, 550 U.S. at 555.

Regarding alleged similarity of lyrics, Plaintiff alleges only that Defendants copied the line "*Slimdabodylast, all naturale, no BBL, mad hoes go to hell*."[21]  But as any ordinary listener can tell when listening to the two songs side-by-side, that line is not at all substantially similar to the phrase to "*Natural, no BBL, but I'm still gon' give them hell*" appearing once in "Never Find," as opposed to Plaintiff's phrase, which is repeated throughout "All Natural."[22]

Likewise, the phrases "*mad hoes go to hell*" and "*but I'm still gon' give them hell*" are not substantially similar.  The phrase from "All Natural" describes where "mad hoes" go, while, in contrast, the phrase in "Never Find" states that the artist is going to give "them" hell.  In the "All Natural" lyric, "hell" is a location, but in the "Never Find" lyric, "hell" is what the artist is going to give "them."  Giving someone "hell" is an idiom, not a noun as in "All Natural"—*i.e.*, "to yell at or criticize (someone) in an angry way."[23]  Other than the single word "hell," the phrases are not at all similar.

Not only are the phrases different, but they are also featured differently in each song.  In "Never Find," the line "*Natural, no BBL, but I'm still gon' give them hell*" occurs only once, briefly, at the 26-second mark and is never repeated.[24]  In contrast, "All Natural" begins with the

---

[20]  Rec. Doc. 1, at 8, Complaint, ¶ 20.

[21]  Rec. Doc. 1, at 8, Complaint, ¶ 20.

[22]  Rec. Doc. 1, at 9, Complaint, ¶ 21.

[23]  *Give (Someone) Hell*, Idiom, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/give%20%28someone%29%20hell (last visited August 15, 2025).

[24]  **Exhibit 1**, "Never Find" audio file.

disputed lyrics and repeats the phrase throughout its chorus.[25]  Meanwhile, the chorus in "Never Find" is unrelated, focusing instead on "*You ain't gon' never find a bitch that's good as me.*"[26]

In sum, a side-by-side comparison reveals almost no similarity between the two works, much less the substantial similarity that copyright law requires.  The Complaint, therefore, fails to plead facts sufficient to state a claim for copyright infringement.

### III. The Complaint fails to state a claim because the short phrase "all naturale, no BBL" is not copyrightable.

Although musical works are generally protected by copyright, this protection does not necessarily extend to short, commonly used phrases found within a song's lyrics.  As the Fifth Circuit has explained, the mere fact that a work is "copyrighted does not mean that all aspects of those materials are automatically protected." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 533 (5th Cir. 1994).  To state a claim for copyright infringement, a plaintiff must show not only ownership of a valid copyright, but also that the defendant "copied constituent elements of the plaintiff's work that are original and copyrightable." *Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994).

The "*sine qua non* of copyright is originality.  To qualify for copyright protection, a work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).  Under copyright law, "original" means the work "possesses at least some minimal degree of creativity." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995).  Although

---

[25] Slimdabodylast - Topic, *All Natural*, YOUTUBE, https://www.youtube.com/watch?v=8_8i1DkMUGM&list=RD8_8i1DkMUGM&start_radio=1 (last visited Sept. 8, 2025); Slimdabodylast, *All Natural - Single*, APPLE MUSIC, https://music.apple.com/us/album/all-natural/1749521119?i=1749521121 (last visited Sept. 8, 2025).

[26] **Exhibit 1**, "Never Find" audio file.

a song "itself may be original and subject to copyright, it may contain constituent elements that are not subject to copyright because they are not original or because they are otherwise unprotectable." *Batiste v. Najm*, 28 F. Supp. 3d 595, 600 (E.D. La. 2014) (Engelhardt, J.).  In other words, "the copyright does not extend to the non-original elements of the work, and the author has no right to prevent others from copying those elements that are not original."  *Id.*

The phrase at issue in Plaintiff's song is not original and thus not copyrightable.  The only specific alleged infringement in this case is the purported copying of the phrase "*natural[e], no BBL*."  But this short phrase lacks the minimal creativity required for copyright protection and instead constitutes a commonplace, stock expression.  The Copyright Act does not protect "stock" expressions.  *Eng'g Dynamics*, 26 F.3d at 1344.  That is, "common expressions and phrases are not entitled to protection for they do not satisfy the originality requirement."  *Batiste*, 28 F. Supp. 3d at 613; *see also Innovation Ventures, LLC v. N2G Distrib., Inc.*, 635 F. Supp. 2d 632, 639 (E.D. Mich. 2008) ("if the expression is a standard phrase or stock expression, the expression is not copyrightable").

In *Batiste*, Judge Engelhardt found that the phrases "I can't get enough," "Win, win, win, at all cost," and "raise your hands in the air" are common, everyday expressions that do not satisfy the originality requirement.  28 F. Supp. 3d at 615; *see also, e.g.*, *Emanation Inc. v. Zomba Recording Inc.*, 72 F. App'x 187, 190 (5th Cir. 2003) (common Cajun phrases "We Gon Pass a Good Time, Yeah, Cher" and "You Gotta Suck Da Head of Dem Der Crawfish" do not satisfy the originality requirement); *Johnson v. Gordon,* 409 F.3d 12, 23–24 (1st Cir. 2005) (the lyric "You're the one for me" was "too trite to warrant copyright protection"); *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 26 (D.D.C. 2010) (use of short phrase "so high" too clichéd to be actionable copyright infringement); *Merrill v. Paramount Pictures Corp.*, No. 05-1150, 2005 WL

12

3955653, at *13 (C.D. Cal. Dec. 19, 2005) (phrases "stop it" and "let's go" "are short, stock phrases which are not protectable").

Similarly, here, the phrase "*natural[e], no BBL*"—referring to a person with a natural body who has not undergone the "Brazilian Butt Lift" cosmetic procedure—is too "common," "everyday," "trite," and "cliched" to be protectable by copyright.  Indeed, the Court can take judicial notice of the following illustrative examples of musical works released before the 2024 release of "All Natural," which demonstrate that the phrase "*naturale, no BBL*" is a stock expression not subject to copyright protection:

- Tha Guru – *Hear it* (2024), at 0:12 mark, https://www.youtube.com/watch?v=x31bVm57-V0.

- Lil' Kappy – *No BBL* (2024), at 0:16 mark, https://open.spotify.com/album/363JWdhCjJCTlW9qIhGqK3?highlight=spotify:track:13GIBUnRaEbpC2UqiCFj5j

- Mathias DaGreat – *No BBL*(2024), title and used throughout, https://www.youtube.com/watch?v=6Bc_9Q2cHv8

- Da$h Dolla$ – *Natural Body (No BBL)* (2023), title and used throughout, https://www.youtube.com/watch?v=BZqDxMdzjkk&list=RDBZqDxMdzjkk&start_radio=1.

- Real Boston Richey (ft. YTB Fatt), *The Type* (2023), at 0:57 mark, https://www.youtube.com/watch?v=2uAbdNu3igk.

- Real Boston Richey, *Freestyle [Famous Animal TV]* (2023), at 0:57 mark, https://www.youtube.com/shorts/Jo-XjH_9Q0A.

- Jakkboy Jaay, *No BBL* (2023), title and used throughout, https://www.youtube.com/watch?v=l1FAaSuRCQg.

Because the phrase "*natural[e], no BBL*" is too trite and commonplace to be copyrightable, the Court should dismiss the Complaint for failure to state a claim.

13

### IV. Plaintiff cannot recover both actual and statutory damages on her claims.

Plaintiff's assertion that she is entitled to both actual damages *and* statutory damages under the Copyright Act is erroneous.[27] The Copyright Act makes clear that a copyright owner may recover either actual damages and profits *or* statutory damages. *See* 17 U.S.C. § 504(a)(1)–(2); 17 U.S.C. § 504(c)(1) ("the copyright owner may elect . . . to recover, *instead of* actual damages and profits, an award of statutory damages.") (emphasis added). Simply put, there is no basis for Plaintiff to assert entitlement to *both* forms of damages.

Courts consistently hold that a copyright plaintiff must elect between actual damages and statutory damages and cannot recover both for the same act of infringement. In *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952), for example, the Supreme Court recognized that a plaintiff is required to choose between these two remedies.[28] Similarly, in *Estate of Vane v. Fair, Inc.*, 849 F.2d 186, 187 (5th Cir. 1988), and *Broadcast Music, Inc. v. Zanthas, Inc.*, 855 F.2d 233, 237 (5th Cir. 1988), the Fifth Circuit held that, under 17 U.S.C. § 504(a), a plaintiff's recovery is limited to either actual damages and any additional profits of the infringer *or* statutory damages, but not both. This prevents duplicative penalties. Plaintiff's attempt to seek dual forms of recovery for each act of alleged infringement is contrary to established law and should be dismissed.

### V. Plaintiff is not entitled to injunctive relief.

The Complaint seeks injunctive relief.[29] However, injunctive relief under the Copyright Act is merely another remedy available for copyright infringement.[30] Because Plaintiff has failed

---

[27] *See* Rec. Doc. 1, at 11–12, Complaint, ¶¶ 34, 35, and Prayer for Relief.

[28] Although *F.W. Woolworth* was decided under the 1909 Copyright Act, its principles have been carried forward and are consistent with the provisions of Section 504 of the current Copyright Act of 1976.

[29] Rec. Doc. 1, at 11, Complaint, ¶ 33, and Prayer for Relief.

[30] *See, e.g.*, 17 U.S.C. § 502 ("Remedies for infringement: Injunctions"); 17 U.S.C. § 504 ("Remedies for infringement: Damages and profits").

to state a claim upon which relief can be granted, Plaintiff is not entitled to injunctive relief, just as she is not entitled to any other relief for alleged copyright infringement.

## CONCLUSION

The Court should dismiss the Complaint for failure to state a claim because (1) the Complaint does not allege access to the work to support factual copying; (2) the Complaint fails to allege facts plausibly showing substantial similarity, a required element of a copyright claim; (3) the phrase "*all naturale, no BBL*" is not copyrightable because it is too short and commonplace to be considered original; and (4) Plaintiff is not entitled to recover both actual and statutory damages. In the alternative, the Court should dismiss Plaintiff's claims for statutory damages and attorneys' fees under the Copyright Act or enter an order ruling that Plaintiff cannot recover both actual and statutory damages.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Ashley J. Heilprin*
Ashley J. Heilprin, T.A. (La. Bar #34928)
Mary Ellen Roy (La. Bar #14388)
Patrick M. Judd (La. Bar #40415)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
Email:  ashley.heilprin@phelps.com
roym@phelps.com
patrick.judd@phelps.com

**ATTORNEYS FOR DEFENDANTS GLORIA WOODS, professionally known as GloRilla; UMG RECORDINGS, INC.; CMG ENTERPRISES II, INC.; W CHAPPELL MUSIC CORP d/b/a WC MUSIC CORP.; and BMG RIGHTS MANAGEMENT (US) LLC**

                **AND**

                **BARTON LLP**

                Ross Charap (*pro hac vice* forthcoming)
                711 Third Avenue, 14th Floor,
                New York, New York 10017
                Telephone: (212) 885-8861
                Email:  rcharap@bartonesq.com

**ATTORNEY FOR DEFENDANT**
**BMG RIGHTS MANAGEMENT (US) LLC**