UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE HENDERSON,<br><br>　　　　Plaintiff,<br>　v.<br><br>GLORIA WOODS, professionally known as GloRilla, UMG RECORDINGS, INC, COLLECTIVE MUSIC GROUP, LLC d/b/a CMG THE LABEL, W CHAPPELL MUSIC CORP d/b/a WC MUSIC CORP., and BMG RIGHTS MANAGEMENT (US), LLC<br><br>　　　　Defendants. | CASE NO: 2:25-cv-01254<br><br><br>JUDGE: LANCE M. AFRICK<br><br>MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

NOW INTO COURT, comes, Plaintiff, who respectfully moves this Court for entry of an Order to allow the Plaintiff to conduct discovery exploring defendants' contacts with Louisiana before considering Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. [Doc. 17].

**LAW AND ARGUMENT**

In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Matter of Am. River Transp. Co. LLC*, 533 F.Supp.3d 355 (E.D. La.2021) As such, Courts may permit discovery to allow the parties to ascertain facts relevant to determining personal jurisdiction. *Id*. If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite

contacts needed to establish personal jurisdiction over nonresident defendant, plaintiff's right to conduct jurisdictional discovery should be sustained. *Id*.

Here, discovery is warranted to definitively prove that the Defendants have purposefully availed themselves of the benefits and protections of Louisiana by establishing "minimum contacts" and/or continuous, systematic contacts with this state. Essentially, a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery if the motion to dismiss raises issues of fact. *See, Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). As aptly stated by the United States Court of Appeals for the D.C. Circuit, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir.1996). The Fifth Circuit has set a "comparatively lower bar" for jurisdictional discovery and recognizes that such discovery should be allowed as long as "the plaintiff's claim is not clearly frivolous" as to the basis for personal jurisdiction." *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 651999 (E.D.La. Feb. 10, 2011).

Courts generally have deferred rulings on Motions to dismiss based upon the lack of personal jurisdiction until after the completion of jurisdictional discovery. *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 651999 (E.D.LA. Feb. 10, 2011). (granting motion for jurisdictional discovery despite defendant's argument that plaintiff failed to establish prima facie case for personal jurisdiction); *Florida Marine Transporters v. Lawson & Lawson, Inc.*, 2001 WL 258628 (E.D.L.A. March 14,

2001)(allowing for jurisdictional discovery before court would rule on personal jurisdiction question); *Caringal v. Karteria Shipping, Ltd.*, 2001 WL 41013 (E.D.L.A. Jan. 12, 2001) (deferring pending motion to dismiss until after discovery concerning jurisdictional defenses is completed); *St. Martin & Mahoney, APLC v. Diversified Aircraft Holdings, Ltd*., 1995 WL 714433 (E.D.L.A. Dec. 5, 1995) (same).

In this matter, the Plaintiff asserts that jurisdictional discovery would reveal that all defendants have sufficient contacts with Louisiana to support a finding of personal jurisdiction. More specifically, facts that would assist the Plaintiff in supporting their contention that the defendants are subject to personal jurisdiction of this Court that can be ascertained through discovery, includes but not limited to:

- concerts in Louisiana whereby Defendant Woods may have performed,
- any contracts the Defendants had with vendors in Louisiana to distribute and/or publish the infringing works or any musical work,
- any marketing the Defendants directed toward Louisiana for the publication and distribution of the infringing works or any musical works of the Defendants
- the number of visits to Louisiana of Defendant Woods for the exploitation of his musical works
- any documents illustrating that the musical works created, published and distributed by the Defendants were consumed by residents of Louisiana,
- any documents evidencing that the Defendants have chosen for their musical works to not be consumed in Louisiana

- copies of any and all advertisements and/or solicitations in Louisiana of any and all musical works of the Defendants

- any licensing agreements contracted with entities or persons in Louisiana regarding the musical works of the Defendants

- any social media posts of the Defendants directed toward consumers in Louisiana regarding the exploitation of the musical works of the Defendants

- any agreements or other documents indicating the publication of the musical works on radio stations in Louisiana, documents and information regarding the publication of music videos exploiting the musical works of the defendants in Louisiana

- and the number of copies of the infringing work and other musical works sold and/or purchased in Louisiana.

Furthermore, the Plaintiff has established a prima facie case for personal jurisdiction. This is evidenced by the fact that Defendant Woods has frequented this district on numerous occasions over the past few years, as recent as February 2025 for Super Bowl LIX for the promotion, marketing and exploitation of her musical works. Additionally, the Defendants have specifically targeted consumers in Louisiana through delivering physical copies of the Defendant Woods musical works to Louisiana for purchase. The request for jurisdictional discovery is required, as within the Defendants' declarations/affidavits for its motion to dismiss, it states that it does not market or promote Defendant Woods' sound recording or musical works specifically to consumers in Louisiana or that it has not contracted with persons or entities in Louisiana to act on its behalf with respect to the

release, distribution, marketing, or promotion of the sound recordings or musical works of Defendant Woods, which is wholly untrue and disingenuous. The sound recordings and musical works of Defendant Woods is currently being sold as vinyl records in several music record stores in this district, including but not limited to Peaches Records, 4318 Magazine St, New Orleans, LA 70115. See Exhibit A. Essentially, this supports the Plaintiff's position that the Defendants have intended and directed their products specifically to this forum. Additionally, the declarations are self-serving and contain hearsay and the Plaintiff's should be provided an opportunity to depose at least the declarants solely on the contents of their declarations and the issue of marketing and exploitation of their musical works to residents of Louisiana. Specifically, Defendant Woods did not submit an affidavit herself but instead chose to allow her purported business manager to testify on her behalf. [Doc. 17-6]. This Court should not consider the declaration of Frederick Files as not only does it contain hearsay testimony but also is misleading as it fails to state all of Defendant Woods' contacts with this forum, particularly Defendant Woods' marketing and promotion in February 2025 for Super Bowl LIX.

      The Plaintiff contends that the discovery of these facts would clearly indicate that the Defendants not only have minimum contacts with State of Louisiana regarding the exploitation of their musical works but also have purposely availed themselves of the laws of this State. It is of no surprise that the Defendants would deny having contacts with Louisiana or conducting business in Louisiana or not directing their marketing activities to resident of Louisiana, which is commonplace in a motion to dismiss for lack of personal jurisdiction and venue. As such, discovery is warranted in this matter to determine the extent to which Defendants conduct business of publishing and distributing and selling

musical works in Louisiana and to establish Defendants' "minimum contacts" and/or continuous and systematic contacts with the state.

                                              Respectfully submitted,

                                              /s/DASHAWN HAYES_____
                                              DaShawn Hayes (LA State Bar #34204)
                                              The Hayes Law Firm, PLC
                                              1100 Poydras St., Ste 1530
                                              New Orleans, LA 70163
                                              PH: 504-799-0374
                                              FAX: 504-799-0375
                                              dphayesesquire@gmail.com
                                              Attorneys for Plaintiff