**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NATALIE HENDERSON                                          CIVIL ACTION

VERSUS                                                             No. 25-1254

GLORIA WOODS, ET AL.                                        SECTION I

**ORDER & REASONS**

Before the Court is plaintiff Natalie Henderson's ("plaintiff") motion[1] for reconsideration of this Court's November 21, 2025 order and reasons ("November 2025 order").[2] Defendants Gloria Woods ("Woods"), UMG Recordings, Inc. ("UMG"), BMG Rights Management US LLC ("BMG"), W Chappell Music Corp. ("WC Music"), and CMG Enterprises II, Inc. ("CMG") (collectively "defendants") oppose[3] the motion. For the reasons that follow, the Court will deny plaintiff's motion for reconsideration.

**I.    BACKGROUND**

This case involves a copyright infringement dispute in which plaintiff alleges damages arising from the defendants' unauthorized exploitation of plaintiff's copyrighted musical work, "Natalie AKA Slimdabodylast NO BBL All Naturalle" ("All Natural"), through the "[distribution,] creation, release, reproduction, exploitation, licensing, and public performance" of the musical composition and recording, "Never Find (Feat. K Carbon)" ("Never Find").[4] Because the Court previously set forth at

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 27.
[3] R. Doc. No. 30.
[4] R. Doc. No. 1, ¶ 12.

length the factual background of this case,[5] the Court assumes the parties' familiarity with that background.

On November 21, 2025, this Court issued an order and reasons addressing four motions.[6] Specifically, the Court granted defendants' motion to dismiss for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissed as moot defendants' motions to dismiss pursuant to Rules 12(b)(3) and 12(b)(6), and denied plaintiff's motion for jurisdictional discovery.[7] The Court found that the plaintiff failed to allege specific facts supporting a *prima facie* case for either general or specific personal jurisdiction over the defendants.[8]

On December 19, 2025, plaintiff filed the instant motion for reconsideration, asking the Court "to reconsider its judgment dismissing" plaintiff's claims for a lack of personal jurisdiction.[9] Plaintiff alleges that after the Court dismissed this case in November 2025, defendant Woods made two subsequent appearances in New Orleans "for the marketing, publication and exploitation of the infringing work."[10] According to plaintiff, these appearances, in addition to three others that occurred in 2025,[11] are sufficient to establish personal jurisdiction over Woods.[12]

---

[5] R. Doc. No. 27, at 2–5.
[6] *Id.*
[7] *Id.* at 23–24.
[8] *Id.* at 6, 10, 13–15, 18.
[9] R. Doc. No. 29.
[10] R. Doc. No. 29-1, at 3.
[11] The Court already considered these three prior appearances in its November 2025 order. *See* R. Doc. No. 27, at 12–18.
[12] R. Doc. No 29-1, at 3–5.

## II.     STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, a motion for reconsideration filed within twenty-eight days of the district court's judgment is recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See Shepherd*, 372 F.3d at 327 n.1.

Plaintiff filed the present motion for reconsideration of judgment within twenty-eight days of this Court's November 2025 order.[13] Accordingly, a Rule 59(e) analysis is applicable. "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion to alter or amend the judgment under Rule 59(e) must establish (1) "an intervening change in the controlling law"; (2) "newly discovered evidence that was previously unavailable" exists; or (3) "a manifest error of law or fact." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citations omitted). Therefore, "[a] motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could,

---

[13] As noted, the Court issued its order and reasons in the above-captioned matter on November 21, 2025. R. Doc. No. 27. Plaintiff filed her motion for reconsideration on December 19, 2024. R. Doc. No. 29.

and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479).

### III.   ANALYSIS

The plaintiff contends that the Court should reconsider its November 2025 order granting the defendants' motion to dismiss due to a lack of personal jurisdiction, because since that order, defendant Woods "made two (2) additional appearances in this forum for the marketing, publication and exploitation of the infringing work," for a total of "five (5) appearance in this district" in 2025.[14]

As an initial matter, plaintiff's motion only presents arguments pertaining to defendant Woods and does not advance any new allegations as to the other named defendants. *See generally* R. Doc. No. 29-1 (only referring to new contacts with New Orleans by Woods, without any reference to the other defendants). As such, the Court will construe plaintiff's motion to only concern reconsideration of personal jurisdiction over defendant Woods. *See Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020) ("[U]nilateral activity of a third party' cannot establish minimum contacts on behalf of a corporate defendant." (quoting *Walden v. Fiore*, 571 U.S. 277, 291 (2014))).

---

[14] R. Doc. No. 29-1, at 3.

According to plaintiff, the two additional appearances in New Orleans support reconsideration because they sufficiently distinguish the present case from *Fernandez v. Jagger*, No. 23-891, 2023 WL 6880431, at *3–5 (E.D. La. Oct. 18, 2023) (Fallon, J.), *aff'd* 2024 WL 3717264 (5th Cir. Aug. 8, 2024), where the court found that only "four appearances . . . over the course of several years" weighed against establishing personal jurisdiction.[15] Plaintiff argues that this new evidence presents sufficient minimum contacts to establish "specific personal jurisdiction" over Woods.[16]

Defendants oppose plaintiff's motion for reconsideration, primarily arguing that the Court correctly found there was neither general nor specific jurisdiction over any of the defendants and that, for purposes of reconsidering personal jurisdiction, the Court may not consider facts "that arose after dismissal of the case."[17]

Upon review, the Court agrees with defendants that Fifth Circuit authority supports limiting the facts this Court may consider for purposes of personal jurisdiction to the record as it existed, at the very least, prior to the November 21, 2025 dismissal. Courts in this circuit agree that there is *some* temporal limit on the evidence a court may consider when deciding whether it has personal jurisdiction

---

[15] *Id*. For avoidance of confusion, this Court notes that what was probative about the four contacts in *Fernandez* and the contacts originally at issue in this case, for purposes of a specific jurisdiction analysis, was not the quantity but the quality of contacts, *see* R. Doc. No. 28, at 15–16. "Even a single, substantial act directed toward the forum can support specific jurisdiction." *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990) (quoting *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361–62 (5th Cir. 1990)).

[16] *Id*. at 3–5.

[17] R. Doc. No. 30, at 2, 9 (citing *Asarco, Inc.*, 912 F.2d at 787 n.1; *NavSav Holdings, LLC v. Beber*, 724 F. Supp. 3d 615, 623 (E.D. Tex. 2024); *Diebold Election Sys., Inc. v. AI Tech.*, Inc., 562 F. Supp. 2d 866, 872 (E.D. Tex. 2008)).

over a party. *See, e.g.*, *Glazier Grp., Inc. v. Mandalay Corp.*, No. 06-2752, 2007 WL 2021762, *8 (S.D. Tex. July 11, 2007) (Rosenthal, J) (finding that courts may consider events up until the filing of the complaint); *Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc.*, 829 F. Supp. 2d 456, 467–68 (W.D. La. 2010) (Stagg, J) (reasoning that courts may consider events up until the service of process or a waiver of service is filed for specific jurisdiction).

Courts in this circuit agree that the temporal limit for general jurisdiction is the time at which the complaint is filed, but there is apparently a disagreement regarding whether *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 781 n.1 (5th Cir. 1990), established precedent that "the relevant time for determining jurisdiction is the filing of the complaint," for both general and specific personal jurisdiction. *Compare Glazier Grp., Inc.*, 2007 WL 2021762, at *8 (reasoning that "[c]ourts in the Fifth Circuit follow the same approach in [general and] specific jurisdiction cases, looking to facts up to the filing of the complaint rather than [post-complaint] conduct"), *with Praetorian Specialty Ins. Co.*, 829 F. Supp. 2d at 467–68 (finding the temporal limit in *Asarco Inc.* only applies to general jurisdiction).[18] *Praetorian Specialty Ins. Co.* employed a different cutoff for specific jurisdiction, reasoning that it "should be determined by

---

[18] The weight of persuasive authority in the Fifth Circuit favors applying the temporal limit outlined in *Asarco Inc.*, *Glazier Grp. Inc.*, and their progeny, to both general and specific jurisdiction. *See, e.g.*, *NavSav Holdings LLC,* 724 F. Supp. 3d at 623; *Diebold Election Sys., Inc.*, 562 F. Supp. 2d at 872; *Healix Infusion Therapy, Inc. v. Healix Health Prods., LLC*, No. 08-1745, 2008 WL 11390840, *7 (S.D. Tex. July 31, 2008); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 525 (N.D. Tex. 2001).

examining the conduct of the defendant leading up to . . . the physical manifestation of service of process or . . . the filing of a waiver of service." *Id.*

With respect to the present motion, the outcome is the same regardless of whether the Court limits its review to events prior to the filing of the complaint on June 18, 2025,[19] or up until defendant Woods waived service on July 14, 2025.[20] The new events that plaintiff points to in support of her motion, two performances in New Orleans that allegedly both occurred on November 29, 2025,[21] sit outside even the latter cutoff date for this Court's consideration.

Accordingly, except for facts that this Court deems irrelevant for a personal jurisdiction analysis, plaintiff has not alleged any "change in the controlling law," "newly discovered evidence," or "manifest error of law or fact," to suggest this Court has personal jurisdiction over Woods, or any other defendants. Therefore, plaintiff has failed to provide the Court with any justification pursuant to Rule 59(e) to alter or amend its previous order dismissing her claims for a lack of personal jurisdiction.

---

[19] R. Doc. No. 1.
[20] R. Doc. No. 13.
[21] R. Doc. No. 29-1, at 3.

7

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, February 25, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**